UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                      CRIMINAL NO. 15-cr-20040

v.

                                        HON. JUDITH E. LEVY

D-6, TASHUN YVONNE WHITE,

           Defendant.

_____/

## GOVERNMENT'S REQUEST TO CHARGE

The United States of America, by its undersigned attorneys, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, requests that the Court include the attached instructions in its charge to the jury.

Because unanticipated events may occur in the course of the trial, the United States reserves the right to add to, subtract from or modify these instructions at the close of all evidence.

                                Respectfully submitted,

                                BARBARA L. MCQUADE
                                United States Attorney

                                *s/Carl D. Gilmer-Hill*
                                CARL D. GILMER-HILL (CA161939)
DATED: November 25, 2016          Assistant United States Attorney

**<u>JURY INSTRUCTIONS</u>**

**1.01 INTRODUCTION**

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

[(4) Then I will explain the defendant's position.]

(5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

**1.02 JURORS' DUTIES**

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3) The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4) Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**1.03 PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

(1) As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime she is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent.  This presumption of innocence stays with her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent.  It is up to the government to prove that she is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**1.04 EVIDENCE DEFINED**

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.05 CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 1.06 DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed her, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**1.07 CREDIBILITY OF WITNESSES**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other

people.  And then decide what testimony you believe, and how much weight you think it deserves.

**1.08 NUMBER OF WITNESSES**

 (1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

 (2) Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**1.09 LAWYERS' OBJECTIONS**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01 INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment (and the lesser charges that I will explain to you).  Your job is limited to deciding whether the government has proved the crime charged (or one of those lesser charges).

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

**2.08 INFERRING REQUIRED MENTAL STATE**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**2.09 DELIBERATE IGNORANCE**

(1) Next, I want to explain something about proving a defendant's knowledge.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the defendant deliberately ignored a high probability that the property involved in the financial transactions she and others agreed to conduct was property that represented the proceeds of some form of unlawful activity, then you may find that she knew the property involved in the financial transactions she and others agreed to conduct was property that represented the proceeds of some form of unlawful activity.

(3) Likewise, if you are convinced that the defendant deliberately ignored a high probability that the monetary transactions she and others agreed to conduct were transactions in criminally derived property, then you may find that she knew the monetary transactions she and others agreed to conduct were transactions in criminally derived property.

(4) But to find this, you must be convinced beyond a reasonable doubt that the defendant was, respectively, aware of a high probability that,

    (a) the property involved in the financial transactions she and others agreed to conduct was property that represented the proceeds of some form of unlawful activity; or,

    (b) that the monetary transactions she and others agreed to conduct were transactions in criminally derived property,

and the defendant deliberately closed her eyes to what was obvious.  Carelessness, or negligence, or foolishness on her part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

## 2.12 USE OF THE WORD "AND" IN THE INDICTMENT

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**3.01A CONSPIRACY TO COMMIT AN OFFENSE (18 U.S.C. § 371) – BASIC ELEMENTS**

(1) Count Three of the indictment accuses the defendant of a conspiracy to commit the crime of Conspiracy to Launder Monetary Instruments in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of Laundering Monetary Instruments (also known as Money Laundering).

> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

**3.02 AGREEMENT**

  (1) With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Laundering Monetary Instruments.

  (2) This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

  (3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of Laundering Monetary Instruments.  This is essential.

  (4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

  [(5) One more point about the agreement.  The indictment accuses the defendant of conspiring to commit several federal crimes.  The government does not have to prove that the defendant agreed to commit all these crimes.  But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.]

**11.02 MONEY LAUNDERING – Domestic Financial Transaction (18 U.S.C.**
**§ 1956(a)(1)(B)(knowing the transaction is designed to conceal facts related to proceeds)**
– modified for conspiracy

1) As I have said, with regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Laundering Monetary Instruments. The crime of Laundering Monetary Instruments can be committed in more than one way.

2) One such way is by Conducting a <u>Financial Transaction</u> in violation of federal law. This manner of money laundering occurs when,
    a) First, a person conducts a "financial transaction;"
    b) Second, the financial transaction involves property that represents the proceeds of a specified unlawful activity, here, the sale and distribution of marijuana;
    c) Third, the person knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and,
    d) Fourth, the person knew that the transaction was designed in whole or in part,
        i) To conceal or disguise the nature, source, ownership, or control of the proceeds as proceeds from the distribution of marijuana; or
        ii) To avoid a transaction reporting requirement under state of federal law.

3) Now, I will give you more detailed instructions on some of these terms.

    a) The term "financial transaction" means a transaction,
        i) Which in any way or degree affects interstate (or foreign) commerce involving,
            (1) the movement of funds by wire or other means; or
            (2) one or more monetary instruments; or
            (3) the transfer of title to any real property, vehicle, vessel, or aircraft; or,
        ii) Which involves the use of a financial institution engaged in activities affecting interstate or foreign commerce.
    b) The term "financial institution" includes,
        i) An insured bank;
        ii) A commercial bank or trust company;
        iii) Any credit union;
        iv) An issuer, redeemer of traveler's checks, checks, money orders, or similar instruments;
        v) An insurance company;
        vi) A loan or finance company; or,
        vii) A business engaged in vehicle sales, including automobile, airplane, and boat sales.

c)  The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

d)  The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

e)  The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. [The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as she knew the property involved represented proceeds of some form of unlawful activity.]

**11.06 MONEY LAUNDERING – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (18 U.S.C. § 1957)** – modified for conspiracy

1) As I said, the crime of Laundering Monetary Instruments can be committed in more than one way. Another such way is by Engaging in a <u>Monetary Transaction</u> in violation of federal law. This manner of money laundering occurs when,

   a) First, a person knowingly engages in a "monetary transaction;"

   b) Second, the monetary transaction was in property derived from specified unlawful activity, here, the distribution of marijuana;

   c) Third, the property had a value greater than $10,000.00;

   d) Fourth, the person knew that the transaction was in criminally derived property;

   e) Fifth, the monetary transaction took place within the United States.


2) Now, I will give you more detailed instructions on some of these terms.

   a) The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate (or foreign) commerce, of funds or a monetary instrument (i.e., U.S. currency, traveler's checks, personal checks, bank checks), by, through, or to a financial institution (as I have just defined), including any transaction that would be a financial transaction (as I have also just defined).

   b) The term "specified unlawful activity" includes any act dealing in a controlled substance punishable by imprisonment for more than one year, here, more specifically, the sale and distribution of marijuana;

   c) The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

**3.03 DEFENDANT'S CONNECTION TO THE CONSPIRACY**

  (1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that she knew the conspiracy's main purpose, and that she voluntarily joined it intending to help advance or achieve its goals.

  (2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that she was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that her connection to it was substantial.  A slight role or connection may be enough.

  (3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if she approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make her a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more they are not enough.

  (4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that she knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**3.06 UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS**

 (1) Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

**7.01 INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime [and the defendant's position].  Next I will explain some rules that you must use in considering some of the testimony and evidence.

**7.02A DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

 (1) A defendant has an absolute right not to testify [or present evidence].  The fact that she did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

 (2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that she is innocent.

**7.02B DEFENDANT'S TESTIMONY**

(1) You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

**7.02C WITNESS OTHER THAN THE DEFENDANT INVOKING THE FIFTH AMENDMENT**

     (1) You have heard _____ [*insert witness's name*] exercise his right under the Fifth Amendment to the United States Constitution to refuse to answer questions because the testimony might tend to incriminate her.

     (2) You must not infer anything at all, for or against either the government or the defendant, because the witness did not answer.

**7.04 IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

(1) You have heard the testimony of _____.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

**7.05B IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION**

  (1) You have heard the testimony of [Jimmy McWherter,] [Nicholas Hale,] [Shadi Elayaan,] [Gary Heraud,] and [Christopher Morea].  You have also heard that before this trial [this individual] [each of these individuals was convicted of a crime.

  (2) This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**7.07 TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY**

 (1) You have heard the testimony of _____.  You have also heard that the government has promised her that [he will not be prosecuted for _____ ]  [ he will _____] in exchange for his cooperation.

 (2) It is permissible for the government to make such a promise.  But you should consider _____'s testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

 (3) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**7.07A TESTIMONY OF A WITNESS UNDER COMPULSION**

(1)  You have heard that the court compelled the testimony of  _____.   You have also heard that his testimony cannot be used against her by the government except in a prosecution for perjury.

(2)  You should consider _____'s testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by this grant of immunity.

(3)  Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe that testimony beyond a reasonable doubt.

**7.08 TESTIMONY OF AN ACCOMPLICE**

(1) You have heard the testimony of Jimmy McWherter and Nicholas Hale. You have also heard that each of these individuals was involved in the same crime that the defendant is charged with committing. You should consider the testimony of each of these individuals with more caution than the testimony of other witnesses.

(2) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

(3) The fact that these individuals have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

**7.09 CHARACTER AND REPUTATION OF DEFENDANT**

You have heard testimony about the defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that she committed the crime charged.

**7.10 AGE OF WITNESS**

You have heard the testimony of _____, a young witness.  No witness is disqualified just because of age.  There is no precise age that determines whether a witness may testify.  With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

**7.11 IDENTIFICATION TESTIMONY**

 (1) You have heard the testimony of _____, who has identified the defendant as the person who _____.  You should carefully consider whether this identification was accurate and reliable.

 (2) In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time.  For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

 [(3) You should also consider the circumstances of the earlier identification that occurred outside of court.  For example, consider how that earlier identification was conducted, and how much time passed after the alleged crime before the identification was made.]

 [(4) You may take into account any occasion in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial.]

 (5) Consider all these things carefully in determining whether the identification was accurate and reliable.

 (6) Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime charged.

**7.12 SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

**7.12A SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

(1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material].  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**8.01 INTRODUCTION**

 (1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

 (2) The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

 (3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

 [(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

 (5) One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## 8.02 EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**8.03 UNANIMOUS VERDICT**

 (1) Your verdict, whether it is guilty or not guilty, must be unanimous [as to each count].

 (2) To find the defendant guilty [of a particular count], every one of you must agree that the government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

 (3) To find her not guilty [of a particular count], every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

 (4) Either way, guilty or not guilty, your verdict must be unanimous [as to each count].

**8.03B UNANIMITY NOT REQUIRED – MEANS**

(1) One more point about the requirement that your verdict must be unanimous.  Count Three of the indictment accuses the defendant of committing the crime of Conspiracy to Launder Monetary Instruments in more than one possible way.  The first is that she entered an agreement to commit money laundering in violation of Title 18, United States Code, Section 1956, by the means of conducting one or more unlawful "financial transactions" in various ways.  The second is that she entered into an agreement to commit money laundering in violation of Title 18, United States Code, Section 1957, by the means of conducting one or more unlawful "monetary transactions."

(2) The government does not have to prove all of these for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt of any one of these ways is enough.  In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

**8.04 DUTY TO DELIBERATE**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**8.05 PUNISHMENT**

 (1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

 (2) Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

 (3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**8.06 VERDICT FORM**

  (1) I have prepared a verdict form that you should use to record your verdict.  The form reads as follows: _____.

  (2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson [Each of you] should then sign the form, put the date on it, and return it to me.

**8.08 VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

  (1) Remember that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

  (2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of this influence your decision in any way.

**8.09 COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**8.10  JUROR NOTES**

 (1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

 (2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.