```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MICHIGAN
 2                           SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,

 4                   Plaintiff,
        -v-                                    Case No. 15-20040
 5                                             Volume 1
     TASHUN YVONNE WHITE,
 6
                     Defendant.
 7   _____/

 8                              JURY TRIAL

 9
                  BEFORE THE HONORABLE JUDITH E. LEVY
10                   UNITED STATES DISTRICT JUDGE

11                        NOVEMBER 28, 2016

12
     APPEARANCES:
13
     For the Plaintiff:    Carl D. Gilmer-Hill
14                         United States Attorney's Office
                           211 West Fort Street, Suite 2001
15                         Detroit, Michigan 48226

16   For the Defendant:    Carl Jordan
                           26677 West Twelve Mile Road
17                         Southfield, Michigan 48034

18

19

20

21

22

23          To Obtain a Certified Transcript Contact:
            Jeseca C. Eddington, RDR, RMR, CRR, FCRR
24             Federal Official Court Reporter
                 United States District Court
25      200 East Liberty Street - Ann Arbor, Michigan 48104
```

1                              **I N D E X**

2

3       MISCELLANY

                Proceedings..................................3
4               Certificate.................................25

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

November 28, 2016                                        3

| | |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | THE CLERK:  The Court calls case number 15-20040, |
| 3 | United States vs Tashun White. |
| 4 | THE COURT:  Why don't we have appearances for the |
| 5 | record.  I'd like to make a record of the fact that we're here |
| 6 | and ready to go and then we'll see if we can find Mr. Jordan, |
| 7 | so. |
| 8 | MR. GILMER-HILL:  Good morning, your Honor.  Carl |
| 9 | Gilmore-Hill with the U.S. Attorney's Office appearing on |
| 10 | behalf of the United States. |
| 11 | THE COURT:  Okay.  Go right ahead. |
| 12 | MR. GILMER-HILL:  With me this morning is Karen |
| 13 | Wynns, a paralegal with the U.S. Attorney's Office and Special |
| 14 | Agent Jeff Campbell with the Drug Enforcement Administration. |
| 15 | THE COURT:  Well, thank you, very much.  And Ms. |
| 16 | White, that's you? |
| 17 | THE DEFENDANT:  That would be me, yes. |
| 18 | THE COURT:  Okay.  And please be seated.  I want to |
| 19 | observe on the record that Mr. Carl Jordan has made an |
| 20 | appearance in this case, indicated at the final pretrial |
| 21 | conference that he would be serving as trial counsel.  And |
| 22 | it's now 8:42.  The trial was to begin at 8:30.  And he has |
| 23 | not appeared in the courtroom or in the courthouse so far as |
| 24 | we know. |
| 25 | I am aware that he took a trip or I think he had a |

November 28, 2016

```
 1    vacation or something recently and perhaps he got delayed, so.
 2    He just got a message to Felicia that he'll be ten more
 3    minutes and then he'll be here.  We'll be off the record for a
 4    minute while we just wait for him.
 5                         (Off The Record)
 6              THE COURT:  Mr. Jordan.
 7              MR. JORDAN:  Yes, your Honor.
 8              THE COURT:  Welcome to the Court.  I just want to
 9    make sure you're aware it was scheduled for 8:30.  It's now
10    just a few minutes before 9:00.
11              MR. JORDAN:  I apologize to you and your staff and
12    Mr. Gilmer-Hill.  I'm not used to taking this way.  But I
13    understand how long it will take me to get here at 8:30.  It
14    won't happen again.  Thank you.
15              THE COURT:  Okay.  I just wanted to make sure you
16    knew.  And we understand that when we set a deadline it needs
17    to be met.
18              MR. JORDAN:  I understand.
19              THE COURT:  But I'm glad that you're here and that
20    you're safe and sound.  Why don't we go over a few things so
21    that we can try to regain the time that we've lost.  The first
22    is I received a joint statement of the case or a proposed
23    joint statement of the case that I saw by the e-mail
24    correspondence had been drafted by Mr. Gilmer-Hill.  And I
25    don't know if you had time to have any input on that.
```

1           MR. JORDAN:  I did review it, your Honor.  The only

2     changes I would like to make is it says -- and I don't have it

3     in front of me.  But I believe it says that the defendants

4     were involved in drug trafficking.  I would like for it to say

5     allegedly.  Because even though some of the defendants have

6     already plead, still Ms. White here has not been convicted of

7     anything.  So that these are just allegations.

8           Again, I know that that might seem like it's mixing

9     hairs.  But that one word allegedly might make a difference

10    with respect to the juror's understanding nothing has been

11    proven against Ms. White yet.

12          THE COURT:  My response to that and my concern is

13    that I took the guilty pleas and a factual basis was put on

14    the record for each of the guilty pleas.  And they did, in

15    deed, admit to drug trafficking and money laundering.

16          MR. JORDAN:  Yes.

17          THE COURT:  So I want to make sure that it's only

18    alleged with respect to your client.  But the other -- the

19    several people that are in this proposed statement, in deed,

20    did engage in drug trafficking and money laundering.

21          MR. JORDAN:  Yes, that is correct, your Honor.  And I

22    would think that it would be appropriate for it to read that

23    some have actually been convicted.  That's fine.  But again,

24    with respect to Ms. White, I think there needs to be a

25    distinction that she has not been found guilty of anything

November 28, 2016

```
1    yet.
2              THE COURT:  Well, here's the change that I have.
3    What we already have is this is a case about several people --
4    you don't want it to say who plead guilty to money -- drug
5    trafficking and money laundering.
6              MR. JORDAN:  I'm sorry.  If I can have a -- I don't
7    have a copy before me, your Honor.
8              THE COURT:  Let's go off the record for a minute.
9                        (Off The Record)
10             THE COURT:  Okay.  Let's just put that on the record.
11   So we've just discussed a three-sentence joint statement of
12   the case that both the Government agrees with and Ms. White
13   and her lawyer.  Is that true, Mr. Gilmer-Hill?
14             MR. GILMER-HILL:  Yes, your Honor, that's correct.
15             MR. JORDAN:  That's correct, your Honor.
16             THE COURT:  Okay.  So we've got that.  The next thing
17   is I can go either way with this.  And I leave it to you
18   whether the jurors take notes or not.  Mr. Gilmer-Hill, do you
19   have any position on whether they should or should not take
20   notes?
21             MR. GILMER-HILL:  I am fine with the jurors taking
22   notes.  When that change to the rules first raised its head, I
23   was actually less comfortable.  But in my experience, it
24   proves to be an aid for the jury.  And I have no problem with
25   that in that regard.
```

November 28, 2016

1          THE COURT:  Okay.

2          MR. GILMER-HILL:  At the appropriate time, in

3    addition to the proposed jury instructions that the Government

4    has thus far has submitted, I do have an additional

5    instruction that I might care to add.  Simply one that states

6    that the jurors' recollection controls regardless of any

7    summaries of the statements that the attorneys provide in

8    closing statements.

9          THE COURT:  Okay.

10          MR. JORDAN:  I have no problem if they take notes,

11    your Honor.

12          THE COURT:  Okay.  My only concern, just to put it

13    out there, is I think that -- I worry that those jurors who've

14    been to college or graduate school are probably more used to

15    taking notes.  And I don't want them to have a

16    disproportionate influence in the jury deliberations.  I want

17    everyone's collective memories to contribute.  But I think

18    having said that, it just gives them a little something to

19    focus on and stay alert sometimes.  And so it has appeared to

20    me that it's been helpful to jurors.  So we'll permit note

21    taking.

22          In terms of the number of jurors, obviously we need

23    12.  We'll have two alternates, unless either of you think

24    there's something about this case that would last longer than

25    anticipated and we need more than two alternates.

November 28, 2016

```
 1          MR. GILMER-HILL:  I think two should be sufficient,
 2   your Honor.
 3          MR. JORDAN:  As do I, your Honor.
 4          THE COURT:  Okay.  So in light of that then, Mr.
 5   Jordan, you will have ten peremptories and the Government is
 6   six.  And in terms of the alternates, I'd like to have them
 7   seated randomly unless either of you want them to be the last
 8   two jurors.  Mr. Jordan?
 9          MR. JORDAN:  I have no preference, your Honor.
10          THE COURT:  Okay.
11          MR. JORDAN:  So that's fine.
12          THE COURT:  Mr. Gilmer-Hill?
13          MR. GILMER-HILL:  That's fine with the Government,
14   your Honor.  Thank you.
15          THE COURT:  Okay.  Then I have received from the
16   Government proposed voir dire questions.  Do you have any
17   proposed questions?
18          MR. JORDAN:  I do, your Honor.  I've given them to
19   Mr. Gilmer-Hill.  May I approach?
20          THE COURT:  Yes.
21          MR. JORDAN:  I tried to keep mine case specific, your
22   Honor.
23          THE COURT:  Let me ask you, all of the defendants
24   have plead guilty in this case, right?
25          MR. JORDAN:  That's my understanding, your Honor.
```

November 28, 2016

```
 1              MR. GILMER-HILL:  All except Ms. White.

 2              THE COURT:  Of course.

 3              MR. GILMER-HILL:  The Government has no objection to

 4    Mr. Jordan's proposed jury instructions.

 5              THE COURT:  Okay.  Thank you.

 6              MR. JORDAN:  Your Honor, I have reviewed the

 7    Government's proposed voir dire.  I have no objection.

 8              THE COURT:  Okay.  So what I'll do is I'll begin the

 9    voir dire process asking the jurors to stand and answer the

10    key questions that are sitting on the bench there for each of

11    them.  Did I give you that list?  Oh, great.  You have it.

12              MR. JORDAN:  Your Honor, I'm not sure if I have the

13    questions that you're going to be asking, the juror

14    questionnaire.

15              THE COURT:  Okay.  Why don't we just get one from the

16    -- there you go.

17              MR. JORDAN:  Thank you, your Honor.

18              THE COURT:  You're welcome.  So I'll begin by asking

19    the entire panel about any health problems, prepaid travel,

20    that sort of thing.  Then we'll call up the first 14 and we'll

21    go through questions 1 through 10 for each of them.  And we'll

22    get a qualified panel in the box and then have an opportunity

23    for exercising the first peremptory challenges.  And then

24    we'll qualify the next one and the next until we have a jury.

25              I'll ask basic questions such as whether they've ever
```

```
 1    served as jurors, any immediate family involved in lawsuits.
 2    Have they ever been a witness.  Have they ever been convicted
 3    of crimes.  Close friends or family who are in law enforcement
 4    that might impact their decision for or against either side.
 5    Whether they can return a verdict based on the jury
 6    instructions as opposed to their own preconceived ideas about
 7    a case, things like that.
 8              And then I'll pick a couple of the Government's
 9    proposed questions as well as I'd like to specifically focus
10    on number 3 that you submitted, Mr. Jordan.
11              MR. JORDAN:  Yes, your Honor.
12              THE COURT:  So I'll ask those questions and then I'll
13    let you both follow up and choose from your questions.  I
14    don't find anything that either of you have submitted to be
15    objectionable to the Court.  So at that point you can follow
16    up and then starting with the Government, they have the burden
17    of proof in this case, and then followed by you, Mr. Jordan.
18              And then I'll jump in with some follow-up.  If a jury
19    answers a question to one of you that deeply worries me, I'll
20    take over.  And you'll know.  I'll say, hey, let me jump in
21    here.  So we'll make sure we've got a qualified jury by the
22    time they get sworn in.
23              MR. JORDAN:  Are we allowed to ask questions with
24    respect to reasonable doubt and burden of proof?
25              THE COURT:  Yeah.  That's on the Government's list.
```

November 28, 2016

1       So certainly.

2              MR. JORDAN:  Okay.  In other words, we're not just

3       precluded from asking questions -- just the questions we

4       presented?

5              THE COURT:  Generally that was the idea of what you

6       would be submitting.  But if a juror answers a question in

7       such a way that you think follow-up is appropriate, then go

8       ahead and follow up.

9              MR. JORDAN:  Thank you, your Honor.

10             THE COURT:  Okay.  Do you have any questions for me

11      at this point?

12             MR. JORDAN:  Again, my peremptories were ten, I

13      believe?

14             THE COURT:  Yeah.  That's the rule.  The Government

15      has six.  This is Rule 24(b)(2) in a felony case.  And

16      defendant or defendants jointly have ten.

17             In terms of objections, I'll ask that you -- again, I

18      hope I said that during the final pretrial conference

19      discussion.  But stand, indicate the nature of the objection.

20      Not a speaking objection that would go into all the content of

21      what the problem is that would then flag for the jury the

22      whole situation.

23             If I think that I can rule on it based on that, I'll

24      do so.  If we need a sidebar conversation, I'll either request

25      that you meet me at sidebar.  And if either of you think that

November 28, 2016

1    this goes into something that I haven't been apprised of or

2    wouldn't know about in the case, just request a sidebar and

3    I'll grant that request and we'll meet at the side.

4           MR. JORDAN:  Thank you, your Honor.  Your Honor, we

5    will go until 4:30 or 5:00 today?

6           THE COURT:  We have to end before that.  I have a --

7    let's just be off the record for scheduling.

8                         (Off The Record)

9           THE COURT:  Mr. Jordan?

10          MR. JORDAN:  Yes, your Honor.

11          THE COURT:  I'm going to ask the Government to list

12    the witnesses that they intend to call that they know of now,

13    if they have rebuttal witnesses, just so that the jurors can

14    figure out if they know any of these individuals.  You're not

15    obligated to do that, but if you wish to do it, just let me

16    know.

17          MR. JORDAN:  Thank you, your Honor.

18          THE COURT:  Okay.  And you also -- when we had the

19    final pretrial, you mentioned that you usually reserve your

20    opening statement until after the Government's case?

21          MR. JORDAN:  That's correct, your Honor.

22          THE COURT:  Okay.  So that will be true today as

23    well?

24          MR. JORDAN:  Yes, your Honor.

25          THE COURT:  Okay.

```
 1                    MR. JORDAN:  Thank you.
 2                    THE COURT:  And just so you know, Mr. Gilmer-Hill, I
 3    believe in kinder, gentler jury selections, so you'll get a
 4    printout with the first 14 jurors, first and last name, and
 5    their juror number.  You don't have to go scribbling that in.
 6                    MR. GILMER-HILL:  Thank you.
 7                    THE COURT:  Mr. Jordan, our guest who's here, you can
 8    be seated.  You're permitted to be a part of this procedure
 9    beginning to end.
10                    MR. JORDAN:  Thank you.  That is Ms. White's husband.
11                    THE COURT:  And your last name's Mr. White.
12                    MAN IN COURTROOM:  Farley.  The seats were just
13    becoming a little painful.
14                    THE COURT:  Oh, okay.  All right.  I just wanted you
15    to know you have -- this is a public trial.  You have a right
16    to be here.
17                    MAN IN COURTROOM:  I promise not to stand up too
18    much.
19                    THE COURT:  I understand that for sure.  Counsel, we
20    have one juror who's sick and angry.  I don't know whether
21    those go together.  So angry caused the sickness?  So what
22    we're going to do is bring him in separately.  I'll ask him a
23    few questions and most likely excuse him.
24                    MR. JORDAN:  Do we have time to go to the restroom or
25    are the jurors right there?
```

```
 1              THE COURT:  Yes.  Do that right now because Felicia's
 2     getting the jurors.
 3                      *         *          *
 4                  (Whereupon Jury Voir Dire Transpired)
 5                      *         *          *
 6              THE COURT:  You may be seated.  Thank you, all, very
 7     much.  And I want to reassure you that as of now, we will no
 8     longer be talking about you.  We've been asking you a lot of
 9     questions.  It's a little invasive and it can be a little
10     personal.  And I appreciate very much that all of you answered
11     so many questions.  So but this is the conclusion of that
12     part.
13              Now you're no longer the subject of our questions and
14     discussion.  So what I do want to do is speak with you briefly
15     about the function of both myself in the case as well as
16     yourself as jurors.  You've been sworn just now to be the jury
17     and to try this case.  By your verdict, you will decide the
18     disputed issues of fact.  I will decide the questions of law
19     that arise during the trial.  And before you retire to
20     deliberate at the close of the trial, I will instruct you on
21     the law that you are to follow and apply in reaching your
22     verdict.
23              My responsibility is to conduct the trial of this
24     case in an orderly fair and efficient manner, to rule upon any
25     questions of law that arise during the course of the trial,
```

November 28, 2016

1    and to instruct you as that law applies in this case.  So let

2    me briefly tell you the order that we're going to follow from

3    this point forward.

4         First, the lawyer from the Government -- you met Mr.

5    Gilmer-Hill -- will make an opening statement in which he

6    outlines his theory of the case.  And he will tell you what --

7    how -- the facts of the case as he expects they will come

8    forward to you in the course of the trial.

9         The attorney for the defendant will probably reserve

10   his opening statement until the Government concludes their

11   case.  These opening statements, regardless of when they are,

12   are not evidence and are only intended to assist you in

13   understanding the viewpoints and claims of the parties.

14        After the Government's opening statement, we'll begin

15   taking evidence.  The lawyer for the Government presents

16   evidence first.  He may call witnesses to testify and may also

17   offer exhibits, such as documents or physical objects.

18        The lawyer for the defendant has a right to

19   cross-examine witnesses that are called by the Government in

20   order to test the truth and accuracy of their testimony or to

21   elicit testimony that's favorable to the defendant.  Following

22   the Government's presentation, the defendant has an

23   opportunity to present evidence.  The attorney for the

24   Government then has that same right to cross-examine any of

25   the witnesses called by the defendant.  However, the defendant

1    has no obligation to call any witnesses or to present any

2    evidence at all.

3         After all the evidence has been presented, the

4    attorneys for each side will have the opportunity to present

5    what we call closing arguments to you in support of their

6    case.  You are, again, reminded that the statements of the

7    lawyers are not evidence but are only intended to assist you

8    in understanding the evidence and the theory of each side.

9         You must base your decision on the evidence.  And

10   just before the closing arguments, I'll give you final

11   instructions on the law governing this case.  And you will

12   then deliberate after the closing arguments on your verdict.

13   You will do that by applying the law to the facts as you find

14   them to be.  And I'll focus in on this again.

15        The function of the jury is to determine the facts.

16   You are the judges of the facts.  You determine the weight,

17   effect, and the value of the evidence as well as the

18   credibility of the witnesses.  You must consider and weigh the

19   testimony of all witnesses who appear before you.  And you

20   determine whether to believe any witnesses and the extent to

21   which any witness should be believed.

22        It's your responsibility to consider any conflicts in

23   testimony that may arise during the course of a trial.  And

24   your decision as to any fact in the case is final.  On the

25   other hand, as we discussed earlier during the jury selection,

November 28, 2016

1    it's your duty to accept the law as I instruct you in it.

2         You should keep an open mind and not express any

3    opinion about the case until after you've heard all of the

4    evidence, the closing arguments of the attorneys, and the

5    instructions as to the law.  And until you begin your

6    deliberations in the jury room.

7         Sympathy must not influence your decision nor should

8    your decision be influenced by prejudice regarding race, sex,

9    religion, national origin, age, handicap, or any other factor

10   that would be irrelevant to the rights of the parties.

11        Now, I've already mentioned several times that this

12   is a criminal case.  And so there are three basic rules about

13   a criminal case that I want you to keep in mind as the trial

14   gets underway.  First, the defendant is presumed innocent

15   until proven guilty.  The indictment brought by the Government

16   against the defendant is only an accusation and nothing more.

17   It is not proof of guilt or anything else.  The defendant

18   starts out with a clean slate.

19        Second, the burden of proof is on the Government and

20   we've been discussing these things throughout the morning.

21   The defendant does not have -- just one second.  I have a

22   little bit of a frog in my throat under ordinary circumstances

23   and it's warm in here.  Okay.

24        So we were just discussing the burden of proof.  And

25   it stays with the Government until the end of the case.  The

1   defendant has no burden to prove his or her innocence, in this

2   case her innocence, or to present any evidence or even to

3   testify.  Since the defendant has the right to remain silent,

4   the law prohibits you from arriving at your verdict by

5   considering whether or not she has testified.

6          And third, the Government must prove the defendant's

7   guilt beyond a reasonable doubt.  I discussed this point

8   earlier today and will give you further instructions on it

9   later.  But bear that in mind as you proceed through this

10  case.

11         Now, until I discharge you as a juror, the only time

12  you're permitted to discuss this case is after you have begun

13  deliberations on your verdict.  And that may surprise you

14  because you'll hear from a witness and we may take a break and

15  you would think, well, let's discuss it.  But you're actually

16  prohibited from doing that.

17         You may discuss the case only at the conclusion of

18  all the evidence, the jury instructions, and the closing

19  arguments and then only with other members of the jury and

20  when you're all present in the jury room.  This means you're

21  not to discuss the case at all with family, friends, or even

22  strangers until you have been discharged as a juror.  And then

23  at that point, you can.  You can talk with anyone about it at

24  that point.

25         You may not answer questions from members of your

November 28, 2016

1    family or anyone else about what kind of case it is or about

2    what the case is about.  And the reason for this restriction

3    is that in talking about the case to others and hearing what

4    they have to say, you may be influenced to form an opinion

5    about the case.  This would compromise the right of the

6    defendant and the Government to have a verdict rendered only

7    by the jurors on this case and based only on the evidence that

8    you hear and see in the courtroom.

9          This also means you should not post on social media

10   that you're serving as a juror or anything about this case

11   until after a final verdict is reached and you are dismissed.

12   This also means that, as I just said, you're not to talk with

13   other members of the jury until you're instructed to begin

14   deliberations.

15         And after you are discharged as a juror, you may talk

16   to anyone you wish to about the case.  Until that time, I ask

17   that you control your natural desire to discuss this case

18   here, at home, or anywhere else.

19         Now, you certainly will need to tell your employers

20   that you're serving as a juror, and that's permitted.  It's

21   just that you can't go and say it's a criminal case and this

22   is what the allegations are and that sort of thing.

23         Now, another thing that I mentioned earlier, during

24   the time serving as a juror you should not allow anyone to say

25   anything to you or in your presence about this case.  If

1   anyone does try to say anything to you about the case in your

2   presence, you should advise them that you're on the jury and

3   you're hearing this case and ask them to stop.  If they do not

4   stop, you should let me know immediately.  And even if they

5   do, please report back that that happened.

6        And there are many ways that this happens.  A witness

7   who hasn't seen any of you would go to have lunch and you'd be

8   sitting there having lunch and the witness would start talking

9   about the case and have no idea you're a juror.  So please let

10  me know if that happens.  But the first thing is to just say

11  I'm a juror on the case.  And they should stop speaking

12  immediately.

13       And during the trial and until I discharge you,

14  there's certain persons you cannot talk to at all, as I

15  mentioned earlier.  You cannot talk to any of the parties in

16  the case or the lawyers or any witnesses, even if your

17  conversation has nothing to do with the case.  This is

18  necessary to avoid even the appearance of unfairness or

19  improper conduct on anyone's part.

20       If you're talking about the weather, somebody else

21  might not know if you're talking about the weather.  And so we

22  just -- the easiest way to deal with that is to have no

23  discussion with anyone sitting over here at counsel table or

24  any of the witnesses.

25       Now, the only information that you will receive about

1    this case should come to you in the courtroom.  You must not

2    consider any information that could come to you outside of the

3    courtroom.  In that regard, you should not read newspaper

4    headlines or articles relating to the trial.  I never know

5    what might be of interest to the media, whether this is a case

6    or not a case that they're interested.  So I tell all jurors

7    this.

8          Also, you should not watch or listen to television or

9    radio comments or accounts of this trial while it's in

10   progress, if there are any.  You should not visit the scene of

11   any occurrences that might be described.  And should it become

12   necessary, we would all go together with the strict set of

13   rules.  But I don't anticipate that in this particular case.

14   And finally you should not make any investigations on your

15   own.  You shouldn't do any research about the internet about

16   any particular law or any location or anything of that sort.

17         I want to talk to you a minute about objections on

18   television.  Objection, your Honor.  There's a big waving of

19   hands.  We're not going to have it quite like that here.  But

20   I do want to talk to you about objections.

21         A trial follows established rules of procedure and

22   evidence.  The lawyers are absolutely permitted and in many

23   cases obligated to make objections and to raise motions.  I

24   will rule on those objections and motions, usually in your

25   presence.  You should not conclude from any of my rulings that

1    I have an opinion about the case or that I favor one side or

2    the other.  If I sustain an objection to a question and do not

3    permit the question -- the witness to answer, you should not

4    guess what the answer might have been or draw any inference

5    from the question itself.

6         Sometimes the lawyers and I are required to consider

7    objections and motions outside of your hearing.  We may take

8    care of those matters at the bench at the sidebar, in my

9    chambers potentially, or I may excuse you so that you can take

10   a break while we address those issues.

11        It's impossible to predict when such a conference may

12   be required or how long it will last.  I will conduct these

13   conferences so as to use as little of your time as possible.

14   I may also have to take care of some other matters that have

15   nothing to do with this case.  And I already know that it will

16   be necessary for me to do that this week.  Do not concern

17   yourself with any of these matters that must be decided

18   outside of your presence or hearing.

19        Now, I may give you additional instructions during

20   the course of the trial, similar to what I'm saying now.  I

21   may say, you know, we had a witness say such and such.  Please

22   disregard that.  Or I don't even know what it could be right

23   now.  These instructions are important because they will make,

24   all combined, the package of jury instructions in this case.

25        Please let me know immediately if you are unable to

November 28, 2016

1    hear a witness or see something that might be demonstrated on

2    the screen or held up.  Just wave and let me know that you

3    cannot see or hear.

4         Now, you may take notes during the trial.  We'll give

5    you a blank notebook.  It's a small steno pad.  But you don't

6    have to take notes.  If you do take notes, you should be

7    careful that it does not distract you from paying attention to

8    all of the evidence.  When you go to the jury room to decide

9    your verdict, you may use your notes to help you remember what

10   happened in the courtroom.

11        If you take notes, do not let others see them.

12   You'll leave them in the jury room at the conclusion of each

13   day or if you go to lunch, we certainly will not look at them

14   and no one involved in the case will.

15        After you have begun your deliberations, it's then

16   permissible to allow other jurors to see your notes, if you

17   choose.  You must turn over your notes at any time that we

18   ask.  We have a situation where it's secure and in our jury

19   room, and I'm pointing to it, so I don't think we'll have any

20   problem with that.

21        So that constitutes the initial instructions about

22   how the case is going to proceed.  And what we'll do is

23   dismiss you to go to the jury room.  So Ms. Moses can sort of

24   get you oriented about where it is and where you need to

25   appear tomorrow morning.

November 28, 2016

```
 1              And the plan will be to start at 9:00 AM tomorrow
 2     morning.  So I'd ask that you take that into consideration.  I
 3     heard some of you coming from some distance.  And there is
 4     traffic in the morning.  So if you could do your very best to
 5     be here at nine o'clock, that would be most helpful.
 6              Do any of you have questions about just the mechanics
 7     and practicality of all of this that you think we should all
 8     be aware of?  Yes, Ms. Kaiser.
 9              JUROR 14:  Today we went a long time without eating.
10              THE COURT:  Today we went a long time without eating.
11              JUROR 14:  I think I speak for all of us.  I need to
12     eat and the bathroom.
13              THE COURT:  I get in a groove here and I forget about
14     everything, including to drink water.  But I'll do my best not
15     to let that happen.  It's not fair to you or to anyone in the
16     case.  But if you need to take a break, just let me know.
17     Just wave your hand, let me know.  So don't hesitate
18     throughout the case.  If you need to stretch, just let us
19     know.  Okay.
20              Anything else?  Well, thank you, so much.  It's
21     fantastic that you're here.  And we'll be getting the case
22     underway at 9:00 AM.
23              THE CASE MANAGER:  All rise for the jury.
24                            (Jury Out)
25              THE COURT:  So we will begin tomorrow at 9:00 AM with
```

November 28, 2016                                                    25

```
 1    the Government's opening statement.  And I think you said you
 2    needed about 45 minutes?  Up to, Mr. Gilmer-Hill?
 3            MR. GILMER-HILL:  Yes.  I don't know if the Court
 4    recollects at that time.  There were a lot of potential
 5    defendants.  So I do think that will be sufficient.  I will
 6    try to be shorter.
 7            THE COURT:  Okay.  Fantastic.  All right.  Well, that
 8    will conclude our work together today unless anybody has
 9    anything.
10            MR. JORDAN:  Thank you, your Honor.
11            THE COURT:  Okay.  Thank you.
12            MR. GILMER-HILL:  Thank you.
13                    (Proceedings Concluded)
14                -         -          -
15            CERTIFICATE OF OFFICIAL COURT REPORTER
16        I, Jeseca C. Eddington, Federal Official Court
17    Reporter, in and for the United States District Court Eastern
18    District of Michigan, appointed pursuant to provisions of Title
19    28, United States Code, Section 753, do hereby certify the
20    foregoing 25 pages are a true and correct transcript of the
21    proceedings had in the matter of UNITED STATES OF AMERICA
22    versus TASHUN YVONNE WHITE, Case No. 15-20040 held on November
23    28, 2016.
24    /s/ JESECA C. EDDINGTON                      5/10/2017
      Jeseca C. Eddington, RDR, RMR, CRR, FCRR     Date
25    Federal Official Court Reporter
```